UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 23-330 (BAH) |
| DAVID MULLSTEFF and ERIC OLIVER, | Judge Beryl A. Howell |
| Defendants. | |

### MEMORANDUM AND ORDER

The United States government moves to dismiss, with prejudice, the four-count Information, ECF No. 25, against defendants David Mullsteff and Eric Oliver. Gov't's Mot. to Dismiss Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a) ("Gov't's MTD"), ECF No. 80. These two defendants, by their own admission, engaged in criminal conduct at the United States Capitol ("Capitol") on January 6, 2021, *see* Statement of Offense of David Mullsteff providing "factual basis for the defendant's guilty plea" ("Mullsteff SOF") at Introduction & ¶¶ 8-16, ECF No. 46, Statement of Offense of Eric Oliver providing "factual basis for the defendant's guilty plea" ("Oliver SOF") at Introduction & ¶¶ 8-19, ECF No. 48, after attending President Donald Trump's rally at the Ellipse, *see* Mullsteff SOF ¶¶ 9, 11, Oliver SOF ¶¶ 10-11, and while knowing that Congress planned to meet inside the Capitol to certify the electoral college vote for the 2020 presidential election, *see* Mullsteff SOF ¶ 10, Oliver SOF ¶ 9.

Notwithstanding these admissions of guilt, for the reasons explained below, the government's motion is granted in part and denied in part, and the pending charges against these two defendants are dismissed without prejudice.

1

**I.    BACKGROUND**

The two defendants in this case both admitted, under oath, with the advice of counsel, and pursuant to plea agreements they voluntarily entered with the government, their criminal conduct at the Capitol on January 6, 2021. *See* Plea Agreement as to David Mullsteff ("Mullsteff Plea Agreement"), ECF No. 45; Plea Agreement as to Eric Oliver ("Oliver Plea Agreement"), ECF No. 47; Mullsteff SOF; Oliver SOF; Min. Entry (Oct. 4, 2024). Both men admitted to witnessing violence on the Capitol grounds, including observing broken windows, hearing bangs, and seeing a group of rioters yelling at police. Mullsteff SOF ¶¶ 11-12; Oliver SOF ¶¶ 11-12. Both men admitted, despite seeing the chaos unfold on Capitol grounds, that they continued closer to the Capitol Building by ascending to the Upper West Terrace, rather than leaving. Mullsteff SOF ¶¶ 12-13; Oliver SOF ¶¶ 12-13. Both men admitted to breaching the Capitol building through the breached Senate Wing Door and, once inside, seeing numerous police officers wearing riot helmets and rioters exiting through a smashed window directly next to the Senate Wing Door. Mullsteff SOF ¶¶ 12-13; Oliver SOF ¶¶ 12-13. Both men admitted to taking photographs and recording videos inside the Capitol, knowing that they were not authorized to be there. Mullsteff SOF ¶¶ 1, 13-14, 16; Oliver SOF ¶¶ 1, 13-15, 19.

While facing a four count information, on October 4, 2024, defendant Mullsteff pled guilty to one misdemeanor count of entering and remaining in restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1), and defendant Oliver pled guilty to two misdemeanor counts for disorderly and disruptive conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D), and parading, demonstrating, and picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). The remaining charges against each defendant were set to be dismissed at the time of their sentencing, pursuant to each defendant's plea agreement. *See*

Mullsteff Plea Agreement ¶ 4; Oliver Plea Agreement ¶ 4.  In advance of the sentencing hearings, the government submitted a sentencing memorandum on January 10, 2025, requesting that defendant Mullsteff be sentenced to 36 months' probation with a special condition of 60 days' home detention, a $5,000 fine, and $500 restitution and that defendant Oliver be sentenced to 36 months' probation with a special condition of 14 days' intermittent confinement, a $5,000 fine, and $500 restitution.  Gov't Sentencing Memo. ("Gov't Sntg. Memo.") at 1, ECF No. 75.

In sum, the current posture of this case is that, even after the defendants' admission of criminal conduct inside and outside the U.S. Capitol Building on January 6, 2021, and the government expending significant time and resources in identifying defendants, investigating their criminal conduct, filing an information against defendants, *see* Information, negotiating and executing plea agreements with defendants, *see* Mullsteff Plea Agreement, Oliver Plea Agreement, and preparing for defendants' sentencing hearings, *see* Gov't Sntg. Memo., the government now seeks to dismiss the pending information against defendants, under Federal Rule of Criminal Procedure 48(a), *see* Gov't's MTD.

## II.    DISCUSSION

Courts have limited power when the federal government decides to stop prosecuting a criminal defendant.  *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (recognizing the government's broad prosecutorial discretion); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (recognizing same prosecutorial discretion in "decisions to dismiss pending criminal charges").  At the same time, the Supreme Court and D.C. Circuit have both recognized that the "leave of court" requirement in Rule 48(a) "obviously vest[s] some discretion in the court."  *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that this rule "gives the court a role in dismissals

3

following indictment"). This discretion is granted in part to "guard[] against abuse of prosecutorial discretion." *Ammidown*, 497 F.2d at 620. To ensure that the government's request for dismissal of criminal charges "sufficiently protects the public," the government may be required to submit "a statement of reasons and underlying factual basis," which must be "substantial" to justify the dismissal and not "a mere conclusory statement." *Id.*

Here, the government's cursory motion provides *no* factual basis for dismissal. Instead, the single paragraph explanation included in the one-page dismissal motion cites "as the reason for this dismissal," only a presidential proclamation "dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." Gov't's MTD at 1. This cited proclamation, *inter alia*, directs the Attorney General "to pursue [the] dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *See* PROCLAMATION, (Jan. 20, 2025) (capitalization in original), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. The only reason provided for this instruction, as set out in the proclamation's introduction, is the assertion that this action "ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation." *Id.*

No "national injustice" occurred here, just as no outcome-determinative election fraud occurred in the 2020 presidential election. No "process of national reconciliation" can begin when poor losers, whose preferred candidate loses an election, are glorified for disrupting a constitutionally mandated proceeding in Congress and doing so with impunity. That merely

raises the dangerous specter of future lawless conduct by other sore losers and undermines the rule of law. Yet, this presidential pronouncement of a "national injustice" is the sole justification provided in the government's motion to dismiss the pending indictment. *See* Gov't's MTD.

Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were fully supported by evidence in the form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement. The prosecutions in this case and others charging defendants for their criminal conduct at the U.S. Capitol on January 6, 2021, present no injustice, but instead reflect the diligent work of conscientious public servants, including prosecutors and law enforcement officials, and dedicated defense attorneys, to defend our democracy and rights and preserve our long tradition of peaceful transfers of power—which, until January 6, 2021, served as a model to the world— all while affording those charged every protection guaranteed by our Constitution and the criminal justice system. As to these two defendants specifically, both ***admitted*** their criminal conduct under oath, after consultation with their attorneys, and pursuant to plea agreements to which they agreed. Bluntly put, the assertion offered in the presidential pronouncement for the pending motion to dismiss is flatly wrong.

Still, the D.C. Circuit has cautioned that a district court judge has "no power" "to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *Fokker*, 818 F.3d at 742; *id.* at 737 ("It has long been settled that the Judiciary generally lacks authority to second-guess those Executive

determinations, much less to impose its own charging preferences."). Despite finding that the sole reason relied upon by the government to dismiss the charges in this case—*i.e.*, an incorrect assertion in the presidential proclamation—is neither substantial nor factually correct, the government's view of the public interest does not clearly fall within the types of reasons found to provide legitimate grounds to deny the government's Rule 48(a) motion to dismiss charges. *See United States v. Flynn*, 507 F. Supp. 3d 116, 130-31 (D.D.C. 2020) (collecting examples where a government motion to dismiss should be denied as not serving "legitimate prosecutorial interests," because the motion "was a sham or deception," "was based on 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled,'" or was meant to favor "politically well-connected individuals" (citations omitted)). Therefore, the government's motion to dismiss the information is GRANTED.

Nothing about the government's reasoning for dismissal warrants entry of dismissal with prejudice, however. Dismissal with prejudice is a complete adjudication of the matter and would bar any further prosecution of defendants for their offense conduct at issue. *See Brown v. Amtrak Corp.*, No. 03-7003, 2003 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties." (citing *Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1489 n.20 (D.C. Cir. 1996))); *Reed v. Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting) ("The dismissal with prejudice of criminal charges is a remedy rarely seen in criminal law, even for constitutional violations."). This result would be improper here, particularly when defendants' own admissions of criminal conduct, including breaching the Capitol building and disturbing the orderly conduct of a session of Congress, provides ample basis for criminal prosecution. *See also Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015)

6

(noting that dismissal with prejudice "reflect[s] on the merits of the underlying action" (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. Cir. 1986), and citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015)).  Instead, the government's reliance on a policy assertion made in the presidential proclamation that such prosecutions should not be continued warrants only "render[ing] the proceedings a nullity and leav[ing] the parties as if the action had never been brought," *Magliore v. Brooks*, 844 F. Supp. 2d 38, 46 (D.D.C. 2012) (quoting *Thoubboron*, 809 A.2d at 1210), which is achieved by granting the government's motion to dismiss *without* prejudice, *see id.*

### III.  CONCLUSION AND ORDER

For the reasons above, the government's motion to dismiss, ECF No. 80, is granted to the extent that the Information, ECF No. 25, against defendants is dismissed, but denied as to the request that this dismissal be "with prejudice."  Accordingly, it is hereby—

**ORDERED** that the Information against defendants, ECF No. 25, is dismissed without prejudice; it is further

**ORDERED** that the sentencing hearings scheduled for January 24, 2025, is **VACATED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date:  January 22, 2025

_____
**BERYL A. HOWELL**
United States District Judge